# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Spring Valley Nursing Center, L.P. v. Allen, 2012 IL App (3d) 110915**

---

| | |
|---|---|
| Appellate Court Caption | SPRING VALLEY NURSING CENTER, L.P., an Illinois Limited Partnership, Plaintiff-Appellee, v. MARY E. ALLEN, Defendant-Appellant (Daniel McFadden, Citation Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-11-0915 |
| Filed | October 16, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The presumption of fraud arising from the actions of defendant's great-nephew, who was defendant's agent under a power of attorney, in paying delinquent real estate taxes on defendant's residence, buying the residence and subsequently selling it was not overcome and the judgment entered for plaintiff nursing home for care provided to defendant was upheld. |
| Decision Under Review | Appeal from the Circuit Court of Bureau County, No. 10-LM-73; the Hon. Cornelius J. Hollerich, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

John Grivetti, of Wenona, for appellant.

James Andreoni, of Peru, for appellee.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices Lytton and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Spring Valley Nursing Center, L.P. (Spring Valley), obtained a judgment against defendant, Mary Allen, for money it was owed for nursing home care. After obtaining the judgment, Spring Valley filed a citation to discover assets (735 ILCS 5/2-1402 (West 2010)) directed at citation respondent, Daniel McFadden, who was Allen's agent under a power of attorney. Following an evidentiary hearing, the trial court ordered McFadden to turn over approximately $7,100 of Allen's funds in partial satisfaction of the judgment. Allen and McFadden appeal. We affirm the trial court's judgment.

¶ 2                                        FACTS

¶ 3    The underlying facts in this case are not in dispute. Citation respondent, Daniel McFadden, was the great-nephew of defendant, Mary Allen, and was designated as her agent under a power of attorney in 2005 or 2006. Allen lived in a house in Spring Valley, Illinois, and held a life estate interest in the real property (the property) on which the house was located. McFadden and his sister-in-law held the remainder interest in the property. Despite living in the house, Allen did not pay the property taxes for the years 2007 and 2008 and those taxes became a lien on the property. Allen also did not keep the house in good repair.

¶ 4    In June 2009, Allen became a resident of a nursing home in Spring Valley, and from that point forward, resided at that location. The nursing home was operated by plaintiff, Spring Valley. In August 2009, Allen conveyed her life estate in the property to McFadden. Allen was 99 years old at the time and mentally competent. Allen did not receive any financial compensation from McFadden for conveying her interest to him. The deed to McFadden was signed by Allen personally and not by McFadden as Allen's agent under the power of attorney. In November and December 2009, McFadden issued two checks from Allen's account to pay off the property tax lien or to reimburse himself for doing the same. The checks were signed by McFadden as Allen's agent under the power of attorney. The total amount paid was about $3,700. After the lien was paid off, in late December 2009, McFadden and his sister-in-law sold the property for $22,500, and split the net proceeds of approximately $16,500. At the closing on the sale, the purchaser received a credit of about $1,600 against the purchase price for the sellers' prorated share of the 2009 property taxes,

which were to be paid by the purchaser when they became due in 2010. That credit was essentially paid by McFadden and his sister-in-law in that it reduced the amount of the net proceeds. Allen did not receive any of the proceeds from the sale of the property.

¶ 5    In August 2010, Spring Valley brought suit against Allen for money it was owed for nursing home care. In February 2011, a judgment of over $34,000 was entered for Spring Valley and against Allen. In July 2011, Spring Valley filed a citation to discover assets directed at McFadden. In the citation proceeding, Spring Valley asserted that McFadden had breached his fiduciary duty to Allen as her agent under the power of attorney and had improperly depleted Allen's funds by failing to pay Allen for the transfer of her life estate interest and by using Allen's account to pay the property tax lien when Allen no longer had any interest in the property.

¶ 6    An evidentiary hearing was held on the citation. The only significant witness to testify at the hearing was McFadden. Relevant to the issue raised on appeal, McFadden testified that the transfer of the life estate and the payment of the tax lien occurred while Allen was a resident of the nursing home and that Allen did not receive any money for the life estate because she did not ask for any. McFadden also confirmed that Allen did not receive any of the proceeds from the subsequent sale of the property.

¶ 7    In addition to the testimony, certain documents were admitted as exhibits at the hearing, such as the deed transferring Allen's life estate interest in the property to McFadden, Allen's bank account records showing the amounts paid on the property tax lien, and some of the closing documents from the subsequent sale of the property. Also referenced, but not formally admitted, at the hearing were certain life insurance tables, which estimated that the value of a life estate interest for a 99-year-old person was about 20% of the total value.[1]

¶ 8    At the conclusion of the hearing, in November 2011, the trial court ordered McFadden to turn over to Spring Valley assets of Allen of approximately $7,100 in partial satisfaction of the judgment. The written order did not specifically explain the bases for the trial court's ruling. After the ruling, Allen filed for a personal exemption of $4,000 (735 ILCS 5/12-1001(b) (West 2010)) as to the turnover order. Allen and McFadden also filed a notice of appeal.

¶ 9                                      ANALYSIS

¶ 10    On appeal, Allen and McFadden argue that the trial court erred in ordering McFadden to turn over the funds to Spring Valley. Allen and McFadden assert first that it was proper for McFadden to receive a conveyance of Allen's life estate without any payment to Allen because: (1) Allen had sufficient mental competence to make the conveyance; (2) the life estate had no value due to Allen's age and the condition of the property; (3) it would not have been practical or possible to obtain a buyer for Allen's life estate interest; (4) Allen received consideration in that she was relieved of any future liability for property taxes or repair on the property; and (5) McFadden acted in Allen's best interest by accepting the

---

[1]The admissibility of the life insurance tables was not raised as a specific issue in this appeal, although the weight to be given to those tables and the probative value was raised.

transfer in that it eliminated substantial liabilities in property taxes and repair costs that Allen would have otherwise incurred. Second, Allen and McFadden argue that the payment of the property tax lien was proper, even though Allen no longer had an interest in the property, because: (1) the property taxes were incurred when Allen was the life tenant of the property and well before Allen received any services from Spring Valley; (2) the property taxes from that time period were Allen's obligation to pay and were owed to the county, not to McFadden; (3) Allen committed waste by failing to pay the property taxes when they became due; and (4) McFadden did not profit or benefit by paying Allen's legitimate debt owed to a third party. Thus, Allen and McFadden contend that McFadden did not breach his duty as agent under the power of attorney and that the trial court's turnover order, which was apparently based upon a finding to the contrary, should be reversed.

¶ 11    Spring Valley argues that the trial court's ruling was proper and should be affirmed. Spring Valley asserts that: (1) McFadden had a fiduciary duty to Allen as Allen's agent under the power of attorney; (2) the transfer of the life estate from Allen to McFadden without any compensation to Allen gave rise to a presumption of fraud; (3) McFadden's payment of the property tax lien using Allen's funds at a time when Allen no longer had a legal interest in the property was of a direct benefit to McFadden as one of the people holding the remainder interest and also gave rise to a presumption of fraud; (4) McFadden failed to rebut the presumptions of fraud; and (5) McFadden's remedy for any alleged waste was to resign as power of attorney and to bring suit against Allen, not to take Allen's property or funds for his own personal use or benefit.

¶ 12    When a person is designated as an agent under a power of attorney, he has a fiduciary duty to the person who made the designation. See 755 ILCS 45/2-7(a), (b) (West 2010); *Clark v. Clark*, 398 Ill. 592, 600 (1947); *In re Estate of Rybolt*, 258 Ill. App. 3d 886, 889 (1994); *In re Estate of DeJarnette*, 286 Ill. App. 3d 1082, 1088 (1997). The mere existence of a fiduciary relationship prohibits the agent from seeking or obtaining any selfish benefit for himself, and if the agent does so, the transaction is presumed to be fraudulent. See *Clark*, 398 Ill. at 601-02. Thus, any conveyance of the principal's property that either materially benefits the agent or is for the agent's own use is presumed to be fraudulent. See *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889. This rule applies to conveyances of the principal's property by the agent to a third party on behalf of the principal and also to conveyances made by the principal directly to the agent. See, *e.g.*, *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889; *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 963-68 (2011); *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088-91.

¶ 13    The presumption of fraud described above is not conclusive and may be rebutted by clear and convincing evidence to the contrary. *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889; *In re Estate of Wessels*, 203 Ill. App. 3d 1080, 1087 (1990). The burden is on the agent to rebut the presumption by showing that he acted in good faith and that he did not betray the confidence placed in him. *Clark*, 398 Ill. at 601; *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088. If the agent satisfies that burden, the transaction in question will be upheld. See 755 ILCS 45/2-7(a) (West 2010) (an agent who acts with due care for the benefit of the principal will not be held liable merely because the act also benefits the agent); *Clark*, 398 Ill. at 602 ("[i]f a conveyance was not procured through

improper means attended with circumstances of oppression or overreaching, but was entered into by the grantor with full knowledge of its nature and effect and because of his or her deliberate, voluntary and intelligent desire, the existence of a fiduciary relation does not invalidate the transaction"). However, if the agent fails in that burden, the transaction will be set aside. See 755 ILCS 45/2-7(a), (f) (West 2010); *Clark*, 398 Ill. at 601. Some of the significant factors to be considered in determining if the presumption of fraud has been rebutted include whether the fiduciary made a frank disclosure to the principal of the information he had, whether the fiduciary paid adequate consideration, and whether the principal had competent and independent advice. *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088; *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 968 (2011).

¶ 14    A trial court's determination as to whether a presumption of fraud has been overcome, made after an evidentiary hearing, is entitled to deference and will not be reversed on appeal unless it is against the manifest weight of the evidence. See *Klaskin v. Klepak*, 126 Ill. 2d 376, 389 (1989); *Clark*, 398 Ill. at 600-01; *In re Estate of Pawlinski*, 407 Ill. App. 3d at 964. A ruling is against the manifest weight of the evidence only if it is clearly evident from the record that the opposite conclusion should have been reached or if the ruling itself is arbitrary, unreasonable, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 15    Having reviewed the evidence in the present case, we find that the trial court's determination was not against the manifest weight of the evidence. There is no question that under the law, the transfer of the life estate from Allen, the principal, to McFadden, the agent, gave rise to a presumption of fraud. See *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889; *In re Estate of Pawlinski*, 407 Ill. App. 3d at 963-68; *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088-91. Nor is there any question that the use of Allen's funds to pay off the tax lien on the property at a time when Allen had no ownership interest in the property, but McFadden did, also gave rise to a presumption of fraud. See *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889; *In re Estate of Pawlinski*, 407 Ill. App. 3d at 963-68; *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088-91. Those presumptions were further strengthened by the fact that no consideration was paid by McFadden to Allen for the transfer of the life estate and also by the fact that McFadden and his sister-in-law sold the property a short time later for over $20,000, none of which went to Allen.

¶ 16    At the hearing on the citation, it was incumbent upon McFadden to present clear and convincing evidence to rebut the presumption of fraud that had arisen. See *Clark*, 398 Ill. at 601; *In re Estate of Rybolt*, 258 Ill. App. 3d at 889; *In re Estate of Wessels*, 203 Ill. App. 3d at 1087; *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088-91. McFadden, however, presented no evidence to suggest that he was acting as directed by Allen when the transactions in question occurred, that Allen had received separate professional advice on the matter, or that Allen was fully aware of her rights and responsibilities as to the life estate or the tax lien. See *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088; *In re Estate of Pawlinski*, 407 Ill. App. 3d at 968. Establishing that Allen was mentally competent, by itself, was not sufficient to rebut the presumption of fraud under the facts of the present case, in light of the obvious benefits of the transactions to McFadden. Although there was some

indication that Allen had transferred the life estate to McFadden to avoid incurring the cost of future taxes and repair expenses, it was for the trial court, as trier of fact, to weigh the evidence and to determine if the presumption of fraud had been rebutted. See *In re Estate of Pawlinski*, 407 Ill. App. 3d at 964-69. When the trial court's ruling in that regard is made after an evidentiary hearing and is not against the manifest weight of the evidence, it must be upheld on appeal. See *Klaskin*, 126 Ill. 2d at 389; *Clark*, 398 Ill. at 600-01; *In re Estate of Pawlinski*, 407 Ill. App. 3d at 964-65; *Best*, 223 Ill. 2d at 350-51.

¶ 17    In reaching that conclusion, we note that we take no position on whether Allen can assert her $4,000 personal exemption to the funds in question, as that issue has not yet been ruled upon by the trial court. Nor do we take any position on whether Spring Valley had standing as an interested party to challenge McFadden's actions under the power of attorney (see 755 ILCS 45/2-10(a) (West 2010)) or whether the trial court was required to find that Allen lacked the capacity to control or revoke the agency before making any other determination (see 755 ILCS 45/2-10(a) (West 2010)), since those issues were not raised on appeal. See *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 34 (a reviewing court normally will only decide issues that are raised by the parties).

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Bureau County.

¶ 19    Affirmed.