# Illinois Official Reports

## Supreme Court

---

### *In re Estate of Shelton*, 2017 IL 121199

---

| | |
|---|---|
| Caption in Supreme Court: | *In re* ESTATE OF THOMAS F. SHELTON (Ruth Ann Alford, Executor, Appellee and Cross-Appellant, v. Rodney I. Shelton, Appellant and Cross-Appellee). |
| Docket Nos. | 121199, 121241 cons. |
| Filed<br>Rehearing denied | May 18, 2017<br>September 25, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Grundy County, the Hon. Lance R. Peterson, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and reversed in part.<br>Circuit court judgment affirmed. |
| Counsel on Appeal | Darrell K. Seigler, of Darrell K. Seigler, Ltd., of Ottawa, for appellant and cross-appellee.<br><br>Michael W. Fuller and George C. Hupp III, of Hupp, Lanuti, Irion & Burton, P.C., of Ottawa, for appellee and cross-appellant. |

Justices                    JUSTICE BURKE delivered the judgment of the court, with opinion.
Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Garman, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1     The two consolidated appeals before this court concern the duties owed by an agent to a principal under a power of attorney for property. Ruth Ann Alford was named as executor of the estates of her parents, Thomas and Doris Shelton, following their deaths in 2012. In her capacity as executor, Ruth Ann filed two actions on behalf of the estates in the circuit court of Grundy County against her brother, Rodney Shelton. Both actions concerned quitclaim deeds signed by Thomas in 2011 which conveyed farmland to Rodney and his wife. At the time of these transactions, Rodney was designated as the successor agent under both Thomas's and Doris's powers of attorney. The estates alleged that Rodney breached his fiduciary and statutory duties as an agent by personally benefitting from the real estate transactions.

¶ 2     The circuit court dismissed both actions pursuant to sections 2-619(a)(9) and 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2010)), respectively. The cases were consolidated on appeal. The appellate court affirmed the dismissal of the action involving Thomas's estate and reversed the dismissal of the action involving Doris's estate. *In re Estate of Shelton*, 2016 IL App (3d) 140163. For the reasons that follow, we find that both actions were properly dismissed by the circuit court. We thus affirm in part and reverse in part the appellate court's judgment.

¶ 3                                 BACKGROUND

¶ 4     On January 18, 2005, Thomas and Doris each executed durable powers of attorney using the "Illinois Statutory Short Form Power of Attorney for Property." The documents were substantively identical, with the principals—Thomas and Doris—designating each other as their agent, also known as an "attorney-in-fact." Among other powers, they granted the agent the power to sell or otherwise dispose of real property during the principal's lifetime after the principal became disabled. Both principals designated their son, Rodney, as the successor agent and their daughter, Ruth Ann, as the successive successor agent. The documents include the following paragraph pertaining to successor agents:

> "8. If any agent named by me shall die, become incompetent, resign or refuse to accept the office of agent, I name the following (each to act alone and successively, in the order named) as successor(s) to such agent:
>
>> my son Rodney I. Shelton
>> my daughter Ruth Ann Alford
>
> For purposes of this paragraph 8, a person shall be considered to be incompetent if and while the person is a minor or an adjudicated incompetent or disabled person or the person is unable to give prompt and intelligent consideration to business matters, as certified by a licensed physician."

¶ 5    On December 1, 2011, Thomas executed two quitclaim deeds conveying 100% of the interest in two plots of farmland to Rodney and his wife, Regina Shelton. The first plot was owned solely by Thomas. The second plot was owned jointly by Thomas and Doris.[1] The quitclaim deed pertaining to the second plot was signed by Thomas, individually, and by Thomas as "attorney-in-fact" for Doris. As of the date of these transactions, Doris had not been adjudicated incompetent or disabled by a court. Nor had a licensed physician certified that Doris was unable to give prompt and intelligent consideration to business matters.

¶ 6    Thomas died on October 9, 2012. Doris died on December 20, 2012. Ruth Ann was named the executor of both estates.

¶ 7                                I. Appeal No. 121241

¶ 8    On December 2, 2013, Ruth Ann filed an amended citation in the circuit court on behalf of Thomas's estate, pursuant to section 16-1 of the Probate Act of 1975 (755 ILCS 5/16-1 (West 2010)), to discover information and/or recover the farmland conveyed to Rodney and his wife. The estate alleged that, at the time of the conveyances on December 1, 2011, Doris had been diagnosed with dementia and was incompetent. According to paragraph 8 of Thomas's power of attorney, the successor agent was to succeed to the status of agent "if and while" Doris, the designated agent, was incompetent. Accordingly, the estate alleged that Rodney, not Doris, was Thomas's agent on December 1, 2011.

¶ 9    The estate further alleged that, under Illinois law, any conveyance of property from a principal to an agent under a power of attorney is presumptively fraudulent. Based on the presumption of fraud inherent in the transactions, the estate requested that the deeds be set aside and the property returned to Thomas's estate.

¶ 10    Rodney filed a motion to dismiss the amended citation pursuant to sections 2-615 and 2-619(a)(9) of the Code (735 ILCS 5/2-615, 2-619(a)(9) (West 2010)). He argued that Doris was still Thomas's agent on December 1, 2011, since she was not "incompetent" as defined in the power of attorney. As of that date, Doris had not been adjudicated incompetent or certified incompetent by a licensed physician. Since a successor agent has no fiduciary duties to a principal, there is no presumed fraud arising from a transaction between the successor agent and the principal. Rodney thus asserted that the amended citation failed to plead a legally sufficient claim for setting aside the deeds.

¶ 11    In response, the estate filed a supplemental physician's report dated January 30, 2014, by Dr. Daniel Jurak, Doris's treating physician. The report stated that Doris experienced an onset of confusion in March 2011 and was diagnosed with dementia in October 2011. Dr. Jurak averred that on December 1, 2011, Doris was incompetent, unable to manage her personal affairs, and unable to give prompt and intelligent consideration to her business matters.

¶ 12    The trial court granted Rodney's motion to dismiss the amended citation under section 2-619 based on the language in the power of attorney. The appellate court affirmed the trial court's dismissal, with one justice dissenting. 2016 IL App (3d) 140163. The majority held that

_____

[1]According to the record, at times during the proceedings, the parties referred to the second farm as being owned solely by Doris rather than jointly owned. For purposes of this opinion, we need not resolve this discrepancy. The relevant, undisputed fact is that the second quitclaim deed conveyed all of Doris's interest in the farm to Rodney and his wife.

a certification of incompetence signed two years after the execution of the deeds could not retroactively establish Doris's incompetency. *Id.* ¶¶ 24-26. Therefore, there were no grounds to support the estate's claims. *Id.*

¶ 13                                II. Appeal No. 121199

¶ 14    On March 24, 2014, Ruth Ann filed a complaint on behalf of Doris's estate alleging that Rodney breached his statutory duties to Doris under section 2-10.3(b) of the Illinois Power of Attorney Act. 755 ILCS 45/2-10.3(b) (West 2010). Section 2-10.3(b) provides:

"(b) An agent is not liable for the actions of another agent, including a predecessor agent, unless the agent participates in or conceals a breach of fiduciary duty committed by the other agent. An agent who has knowledge of a breach or imminent breach of fiduciary duty by another agent must notify the principal and, if the principal is incapacitated, take whatever actions may be reasonably appropriate in the circumstances to safeguard the principal's best interest." *Id.*

¶ 15    The estate alleged that Thomas breached his common-law fiduciary duty as Doris's agent by transferring all of her interest in the farm without reserving a life estate at a time when Doris was in need of income. The estate further alleged that Rodney, as Doris's successor agent, breached his statutory obligation under section 2-10.3(b) to notify Doris of Thomas's breach or to safeguard her interests in the transaction. The complaint alleged damages to the estate in the amount of the value of the property as well as the income from the property during the remainder of Doris's lifetime.

¶ 16    Rodney filed a motion for judgment on the pleadings or, in the alternative, a motion to dismiss the complaint, under section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)). He argued that section 2-10.3(b) of the Power of Attorney Act does not apply to him because he was only a successor agent and had not attained the status of agent at the time of the transactions. Thus, he had no statutory duties to Doris. The trial court agreed and dismissed the complaint with prejudice.

¶ 17    The appellate court, with one justice dissenting, reversed the trial court's judgment and remanded for further proceedings. 2016 IL App (3d) 140163. The majority held that the duties imposed by section 2-10.3(b) apply to an individual designated as a successor agent in a power of attorney. Therefore, the court held, the estate's complaint stated a legally cognizable claim against Rodney. *Id.* ¶¶ 36-40.

¶ 18    The appellate court thus held in Rodney's favor in the first case and in Doris's estate's favor in the second case. The parties filed petitions for leave to appeal in this court. We allowed both petitions (Ill. S. Ct. R. 315 (eff. Jan. 1, 2015)) and consolidated the two appeals for our review.

¶ 19                                ANALYSIS
¶ 20                            I. Appeal No. 121241

¶ 21    At issue in this appeal is whether Rodney breached a common-law fiduciary duty to Thomas when he personally benefitted from the real estate conveyances on December 1, 2011. The trial court dismissed the amended citation filed by Thomas's estate pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2010)). In deciding a section 2-619 motion, a court accepts all well-pleaded facts and their inferences as true and construes all

pleadings and supporting documents in favor of the nonmoving party. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21. Under section 2-619(a)(9), a defendant is entitled to a dismissal if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Our review of an order granting a section 2-619 motion is *de novo*. *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 34.

¶ 22    An individual holding a power of attorney is a fiduciary as a matter of law. *Clark v. Clark*, 398 Ill. 592, 600 (1947); *In re Estate of DeJarnette*, 286 Ill. App. 3d 1082, 1088 (1997) (citing *Pottinger v. Pottinger*, 238 Ill. App. 3d 908, 917 (1992)). Thus, an agent appointed under a power of attorney has a common-law fiduciary duty to the principal. *Spring Valley Nursing Center, L.P. v. Allen*, 2012 IL App (3d) 110915, ¶ 12; see also 755 ILCS 45/2-7(a), (b) (West 2010) (codifying the agent's duty of care owed to the principal for purposes of the Power of Attorney Act). The fiduciary relationship between the principal and agent begins at the time the power of attorney document is signed. *In re Estate of Miller*, 334 Ill. App. 3d 692, 697 (2002); *In re Estate of Rybolt*, 258 Ill. App. 3d 886, 889 (1994).

¶ 23    A presumption of fraud arises when a fiduciary benefits from a transaction involving the principal. *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088. Under a power of attorney for property, "any conveyance of the principal's property that either materially benefits the agent or is for the agent's own use is presumed to be fraudulent." *Spring Valley Nursing Center, L.P.*, 2012 IL App (3d) 110915, ¶ 12. "This rule applies to conveyances of the principal's property by the agent to a third party on behalf of the principal and also to conveyances made by the principal directly to the agent." *Id.* (citing *Clark*, 398 Ill. at 601, *In re Estate of Rybolt*, 258 Ill. App. 3d at 889, *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 963-68 (2011), and *In re Estate of DeJarnette*, 286 Ill. App. 3d at 1088-91). Once a fraudulent transaction has been alleged, the burden then shifts to the agent to prove by clear and convincing evidence that the transaction was fair and did not result from his undue influence over the principal. *In re Estate of Miller*, 334 Ill. App. 3d at 697-98.

¶ 24    The estate makes two arguments on appeal to this court. First, it contends that Illinois law imposes a fiduciary duty on Rodney by virtue of his being named as a successor agent in Thomas's power of attorney. We disagree. The Power of Attorney Act, which codifies an agent's fiduciary duty, recognizes that it is the agent's exercise of power pursuant to the authorizing document which triggers the agent's duty to the principal. See 755 ILCS 45/2-7(a) (West 2010) ("Whenever a power is exercised, the agent shall act in good faith for the benefit of the principal using due care, competence, and diligence in accordance with the terms of the agency ***."). By definition, a successor agent's authority to act on behalf of the principal is contingent upon the initial agent's resignation, death, incapacitation, or refusal to serve. 755 ILCS 45/2-10.3(a) (West 2010). Until one of these events occurs, the successor agent has no authority to act. See *id.* Under the Power of Attorney Act, if an individual cannot exercise the powers granted by the agency, he has no duty to act in good faith for the principal's benefit. 755 ILCS 45/2-7(a) (West 2010). Thus, we can infer that the Power of Attorney Act does not impose any duties on a successor agent until that person is authorized to exercise the powers set forth in the power of attorney.

¶ 25    Consistent with these principles, the plain language of Thomas's power of attorney appointed Rodney as agent only upon the occurrence of a specific contingency, *i.e.*, "if any

agent named by me shall die, become incompetent, resign or refuse to accept the office of agent." Therefore, Rodney's authority to act on behalf of Thomas did not arise until Doris died, became incompetent, or became unwilling to act as an agent. Until that time, Rodney owed no fiduciary duties to Thomas.

¶ 26    The estate cites *Spring Valley Nursing Center, L.P.*, 2012 IL App (3d) 110915, and *In re Estate of Elias*, 408 Ill. App. 3d 301 (2011), in support of its argument that a successor agent owes a fiduciary duty to the principal. Both are inapposite. Neither decision pertains to the estate's claim of a duty owed by a "successor agent." Rather, both cases concern the duties owed by an individual named as an "agent" in a power of attorney. See *Spring Valley Nursing Center, L.P.*, 2012 IL App (3d) 110915, ¶¶ 15-16 (a person designated as an agent in a power of attorney has the burden to rebut a presumption of fraud arising out of the transfer of a life estate from the principal to the agent); *In re Estate of Elias*, 408 Ill. App. 3d at 320 (a power of attorney gives rise to a general fiduciary relationship between the principal and the agent at the time the document is executed, regardless of when the power of attorney is "activate[d]").

¶ 27    The estate also relies on section 2-10.3(b) of the Power of Attorney Act (755 ILCS 45/2-10.3(b) (West 2010)), arguing that the statute imposes certain duties owed by a successor agent to a principal. However, this statute is simply irrelevant to the issues involved in this appeal, as it pertains to an agent's participation in, or knowledge of, a breach of fiduciary duty committed by *another agent*. Thomas's estate does not claim that another agent other than Rodney breached a fiduciary duty. It claims that Rodney breached his own fiduciary duty to Thomas solely based on his position as Thomas's successor agent.

¶ 28    Thus, the estate has not cited, nor has this court found, any Illinois precedent holding that an individual designated as a successor agent under a power of attorney has a common-law fiduciary duty to the principal. We therefore reject the estate's claim that Rodney owed a fiduciary duty to Thomas prior to becoming an authorized agent.

¶ 29    The second argument raised by the estate is that Rodney was actually Thomas's agent at the time of the conveyances; therefore, the conveyances were presumptively fraudulent. See *Spring Valley Nursing Center, L.P.*, 2012 IL App (3d) 110915, ¶ 12. The estate's claim for relief depends on the legal statuses of Doris and Rodney on December 1, 2011. If Doris was incompetent on that date, she was no longer Thomas's agent. Under the successor provision in paragraph 8 of Thomas's power of attorney, Doris's incompetency would have activated Rodney's status as agent, with all the powers and duties attached to that status. However, if Doris was not incompetent, Rodney was merely a successor agent and owed no fiduciary duties to Thomas.

¶ 30    The estate argues that the physician's report signed on January 30, 2014, is sufficient evidence to prove Doris's incompetency on December 1, 2011. The appellate court rejected this argument because the language in the power of attorney document precludes a retroactive certification of incompetency. 2016 IL App (3d) 140163, ¶¶ 24-27. We agree with the appellate court's analysis.

¶ 31    "A written power of attorney must be strictly construed so as to reflect the 'clear and obvious intent of the parties.' " *Fort Dearborn Life Insurance Co. v. Holcomb*, 316 Ill. App. 3d 485, 499 (2000) (quoting *Crawford Savings & Loan Ass'n v. Dvorak*, 40 Ill. App. 3d 288, 292 (1976), citing *McHarry v. Bowman*, 274 Ill. App. 487 (1934)); see also *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 326 Ill. App. 3d 126, 135 (2001); *In re Estate of Romanowski*, 329

Ill. App. 3d 769, 774 (2002). The language in Thomas's power of attorney is clear and unambiguous. Paragraph 8 states that an agent is incompetent "*if and while* the person is a minor or an adjudicated incompetent or disabled person or the person is unable to give prompt and intelligent consideration to business matters, as certified by a licensed physician." (Emphasis added.)

¶ 32    As of the date of the quitclaim deeds, a licensed physician had not certified that Doris was unable to give prompt and intelligent consideration to her financial affairs, nor was there a judicial adjudication of incompetency. As explained by the appellate court, the most straightforward reading of the "if and while" language in paragraph 8 is that a physician's certification "is meant to serve as a triggering event that nullifies the primary agent's authority at the time of the certification and in the future, until the certification is rescinded." 2016 IL App (3d) 140163, ¶ 25. Furthermore, the court held, "[n]othing in Thomas's [power of attorney] suggests that a physician's certification prepared years after the fact may retroactively nullify the designated agent-in-fact's authority to act under the POA." *Id.* Thus, according to the express language in the power of attorney, a physician's certification of incompetency must have been rendered prior to the conveyances at issue in order to establish Doris's incompetency.

¶ 33    The estate argues that the appellate court's construction of the power of attorney imposes an unreasonable burden on heirs and estate executors who may have no opportunity to discover that a fraudulent transaction has taken place until after the principal is deceased. Even if this were the case, however, it remains the estate's burden to establish a legal claim based on the allegations in its amended citation. The estate has failed to do so. Because we must strictly construe the language in the power of attorney to effectuate the principal's intent, we may not read into it additional provisions, conditions, or limitations not expressly included in the instrument. See *Amcore Bank, N.A.*, 326 Ill. App. 3d at 135; *Fort Dearborn Life Insurance Co.*, 316 Ill. App. 3d at 499. We hold, therefore, that the estate's amended citation was properly dismissed by the trial court.

¶ 34                                II. Appeal No. 121199

¶ 35    In the complaint filed by Doris's estate, the estate alleged that Rodney breached his statutory obligation as Doris's successor power of attorney under section 2-10.3(b) of the Power of Attorney Act (755 ILCS 45/2-10.3(b) (West 2010)). The trial court dismissed the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)). A motion to dismiss under section 2-615 attacks only the legal sufficiency of a complaint. *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 27 (citing *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34). In reviewing a section 2-615 dismissal, a court must take all well-pled facts as true and determine whether the allegations, considered in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Id.* (citing *Bonhomme*, 2012 IL 112393, ¶ 34). Our review is *de novo*. *Id.* (citing *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47).

¶ 36    The issue in this appeal involves statutory construction, a question of law which we also review *de novo*. *People v. Cherry*, 2016 IL 118728, ¶ 13. Our primary goal in statutory interpretation is to ascertain and effectuate the legislature's intent. *People v. Giraud*, 2012 IL 113116, ¶ 6. The best indicator of legislative intent is the statutory language itself, given its

plain and ordinary meaning. *Id.* The words and phrases in a statute should be construed in light of other relevant provisions and not in isolation. *People v. Gutman*, 2011 IL 110338, ¶ 12. When determining the plain meaning of statutory terms, we must consider the statute in its entirety, bearing in mind the subject it addresses and the legislature's apparent intent in enacting it. *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 12. Where the language of a statute is clear and unambiguous, we will apply it as written, without resort to extrinsic aids of statutory construction. *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 56. In addition, we must not depart from the plain meaning of the statutory language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *Id.*

¶ 37    Section 2-10.3(b) of the Power of Attorney Act, which is part of a provision entitled "Successor agents," provides as follows:

> "(b) An agent is not liable for the actions of another agent, including a predecessor agent, unless the agent participates in or conceals a breach of fiduciary duty committed by the other agent. An agent who has knowledge of a breach or imminent breach of fiduciary duty by another agent must notify the principal and, if the principal is incapacitated, take whatever actions may be reasonably appropriate in the circumstances to safeguard the principal's best interest." 755 ILCS 45/2-10.3(b) (West 2010).

¶ 38    The estate's complaint alleged that Thomas, as "primary agent" under Doris's power of attorney, violated his fiduciary duty to Doris when he transferred all of her interest in the farm to Rodney and his wife without reserving a life estate in Doris at a time when she was incompetent and in need of income from the property. The complaint further alleged that Rodney participated in Thomas's breach of fiduciary duty by failing to notify Doris of the breach and failing to take action to safeguard Doris's best interests, in violation of section 2-10.3(b) of the Act. The estate argued, therefore, that Rodney was liable for any breach of fiduciary duty committed by Thomas.

¶ 39    The circuit court dismissed the complaint because Rodney was not Doris's "agent" at the time of the real estate transactions and, thus, could not be held liable under section 2-10.3(b). The appellate court disagreed and reversed the circuit court's dismissal order, finding that section 2-10.3(b) applied to Rodney based on his designation as a successor agent in Doris's power of attorney. 2016 IL App (3d) 140163, ¶¶ 32-40. On appeal to this court, Rodney contends that he was not Doris's "agent," either as defined in the Power of Attorney Act or in the power of attorney itself. Therefore, Rodney argues, any duties imposed on an "agent" by section 2-10.3(b) do not apply to him by definition. We agree.

¶ 40    The plain language in section 2-10.3(b) of the Power of Attorney Act states that an agent may be liable for the actions of another agent, including a predecessor agent, if the agent participates in or conceals a breach of fiduciary duty by the other agent. 755 ILCS 45/2-10.3(b) (West 2010). The statute further provides that an "agent who has knowledge of a breach or imminent breach of fiduciary duty by another agent must notify the principal and, if the principal is incapacitated, take whatever actions may be reasonably appropriate in the circumstances to safeguard the principal's best interest." *Id.* Thus, section 2-10.3(b) refers exclusively to the liability and duties of an "agent" with no mention of the qualifying word, "successor." The term "agent" is used throughout the Act and is specifically defined in section 2-3(b) as "the attorney-in-fact or other person designated to act for the principal in the agency."

755 ILCS 45/2-3(b) (West 2010).[2] By contrast, section 2-10.3(a) states that a "successor agent" is designated to act only "if an initial or predecessor agent resigns, dies, becomes incapacitated, is not qualified to serve, or declines to serve." 755 ILCS 45/2-10.3(a) (West 2010).

¶ 41    Doris's power of attorney named Thomas Shelton as her agent or attorney-in-fact to act on her behalf after she became disabled. As the designated successor agent, Rodney was authorized to act on Doris's behalf only in the event of Thomas's death, incompetence, resignation, or refusal to accept the office. None of these events had occurred as of December 1, 2011. Accordingly, on the date of the real estate conveyances, Rodney was merely Doris's successor agent and was not yet her "agent" as defined in the Act. See 755 ILCS 45/2-3(b) (West 2010). Under the plain and unambiguous language in section 2-10.3(b), therefore, the duties and liability described in the statute do not apply to Rodney during the relevant time period. 755 ILCS 45/2-10.3(b) (West 2010).

¶ 42    Despite the repeated references to an "agent" in section 2-10.3(b), the appellate court held that the provision imposes a "limited statutory duty," in derogation of the common law, on a successor agent prior to becoming authorized as an agent. 2016 IL App (3d) 140163, ¶ 38. Based on the fact that section 2-10.3 is entitled "Successor agents" and the other two subsections within that section both clearly apply to successor agents (755 ILCS 45/2-10.3(a), (c) (West 2010)), the court held, "it stands to reason that section 2-10.3(b) applies to successor agents as well." 2016 IL App (3d) 140163, ¶ 36. The appellate court thus held that Rodney could be held liable for Thomas's breach of fiduciary duty pursuant to section 2-10.3(b), even though Rodney himself owed no common-law fiduciary duty to Doris at the time of the conveyances. *Id.* ¶ 38.

¶ 43    We disagree with the appellate court's statutory analysis, as it is contrary to our established canons of statutory construction. First, reading the term "successor agent" into section 2-10.3(b) contravenes the principle that a court may not read into a statute limitations or conditions not explicitly set forth in the plain statutory language. See *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 23. " 'It is the dominion of the legislature to enact laws and it is the province of the courts to construe those laws. We can neither restrict nor enlarge the meaning of an unambiguous statute.' " *Id.* (quoting *Petersen v. Wallach*, 198 Ill. 2d 439, 448 (2002)). The appellate court below essentially rewrote section 2-10.3(b) so as to modify and expand the meaning of "agent" under the Act and impose duties on an additional class of persons. The plain language of the statute does not permit such expansion.

¶ 44    Secondly, if the legislature had intended to impose statutory liabilities and duties on successor agents in derogation of the common law, it would have made its intention explicit. See *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 50. Nowhere in section 2-10.3(b) does the legislature expressly state that a successor agent owes a duty to the principal prior to being empowered to act on the principal's behalf. 755 ILCS 45/2-10.3(b) (West 2010). Under the common law, a successor agent has no duties to the principal prior to becoming an agent. It is improper, then, for a court to construe the enactment as more expansive than intended by the explicit statutory language. See *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 518 (1997) ("[a]

[2]An "agency" is defined, in part, as "the written power of attorney or other instrument of agency governing the relationship between the principal and agent or the relationship, itself, as appropriate to the context." 755 ILCS 45/2-3(a) (West 2010).

legislative intent to abrogate the common law must be clearly and plainly expressed, and such an intent will not be presumed from ambiguous or doubtful language"); *Heider v. Knautz*, 396 Ill. App. 3d 553, 561 (2009).

¶ 45    Finally, the language in section 2-10.3 as a whole indicates that the legislature was familiar with the term "successor agent," as it is used in both subsections (a) and (c) of the same statute. See 755 ILCS 45/2-10.3(a), (c) (West 2010). Thus, the legislature must have intended for subsection (b) to have a different application when it used the general term "agent" to describe an agent's liability for another agent's breach. See *People v. Hudson*, 228 Ill. 2d 181, 193 (2008) ("[w]hen the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended").

¶ 46    Having rejected the interpretation adopted by the appellate court, we believe the most natural construction of section 2-10.3(b) is that it imposes duties on a person initially named as a successor agent who has been authorized to act as an agent due to the predecessor agent's disqualifying condition or event. This reading is consistent with the overall purpose of section 2-10.3, which allows a principal to designate one or more successor agents to act as her power of attorney in the event that the initial agent resigns, dies, becomes incapacitated, is not qualified to serve, or declines to serve. 755 ILCS 45/2-10.3 (West 2010). It is also consistent with the common-law imposition of a fiduciary duty owed by an authorized agent to a principal under a power of attorney. Thus, once a successor agent has assumed the duties of an agent, he may not participate in or conceal a breach of fiduciary duty committed by another agent, which may include a predecessor agent or co-agent. 755 ILCS 45/2-10.3(b) (West 2010). [3] Furthermore, upon learning of another agent's breach, the agent must notify the principal and take action to protect the principal's interests. *Id.*

¶ 47    We hold, therefore, that the complaint filed by Ruth Ann on behalf of Doris's estate failed to state a claim upon which relief could be granted because Rodney was not subject to the liability imposed by section 2-10.3(b) of the Act.

¶ 48                                                    CONCLUSION

¶ 49    For the foregoing reasons, we find that the circuit court properly dismissed the actions filed by the two estates. We thus affirm the appellate court's judgment with respect to appeal No. 121241 and reverse the appellate court's judgment with respect to appeal No. 121199.

¶ 50    Appellate court judgment affirmed in part and reversed in part.

¶ 51    Circuit court judgment affirmed.

---

[3]Section 2-10.5(c) of the Act, pertaining to co-agents, contains nearly identical language to section 2-10.3(b). 755 ILCS 45/2-10.5(c) (West 2010) ("An agent is not liable for the actions of another agent, including a co-agent or predecessor agent, unless the agent participates in or conceals a breach of fiduciary duty committed by the other agent. An agent who has knowledge of a breach or imminent breach of fiduciary duty by another agent must notify the principal and, if the principal is incapacitated, take whatever actions may be reasonably appropriate in the circumstances to safeguard the principal's best interest.").

- 10 -