NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 210070-U

NO. 4-21-0070

IN THE APPELLATE COURT

FILED
November 1, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE VILLAGE OF BROADVIEW, ILLINOIS, a | ) | Appeal from the |
| Municipal Corporation, | ) | Circuit Court of |
|     Plaintiff-Appellant, | ) | Sangamon County |
|     v. | ) | No. 20L171 |
| ILLINOIS MUNICIPAL LEAGUE RISK | ) | |
| MANAGEMENT ASSOCIATION, | ) | Honorable |
|     Defendant-Appellee. | ) | Raylene Grischow, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed the trial court's dismissal of the plaintiff's complaint as time-barred.

¶ 2    Plaintiff, the Village of Broadview (the Village), appeals from the Sangamon County circuit court's order dismissing its complaint for declaratory judgment and breach of contract against defendant, the Illinois Municipal League Risk Management Association (the Association). On appeal, the Village argues the trial court erred when it granted the Association's motion to dismiss because its complaint was not time-barred under the Code of Civil Procedure (Civil Code) (735 ILCS 5/13-206 (West 2018)). The Association argues the trial court properly granted its motion on the basis the complaint was time-barred because it was filed 10 years after the alleged breach of contract. We affirm.

¶ 3                           I. BACKGROUND

¶ 4        Because this case comes to us on a motion to dismiss, the following information

is undisputed.

¶ 5                          A. The Federal Case

¶ 6        This case arises from an underlying dispute between Joseph Inouskis and the

Village. In December 2006, the Village's ordinances prohibited the sale of alcohol at adult-use

facilities. Inouskis applied to the Village for a special-use permit to operate Chicago Joe's, a

gentleman's club, on property owned by Pervis Conway, with whom Inouskis had contracted to

purchase the property. Chicago Joe's application sought "to operate a restaurant with the ability

to sell alcohol" in all "adult use categories." The Village Board of Trustees denied Chicago Joe's

application. Inouskis ultimately did not purchase the property from Conway, and Chicago Joe's

never opened. In April 2007, the Village Board amended certain sections of its zoning code such

that it would not be possible for an adult-use business to operate on the Conway property.

¶ 7        In May 2007, Chicago Joe's and Conway filed suit against the Village in the

United States District Court for the Northern District of Illinois (the federal case), seeking (1) a

declaratory judgment that the Village's ordinances were unconstitutional and (2) an injunction

blocking their enforcement. In addition to these equitable claims, Chicago Joe's alleged the

Village's denial of its application for a special-use permit deprived Chicago Joe's of its

investment in property and profits. Chicago Joe's claimed $10 million in damages.

¶ 8        That same month, the Village tendered a copy of the federal complaint to the

Association and made a request for coverage ("First Tender"). The Association was a nonprofit

organization that provided self-insurance programs to municipalities. The Village was a member

of the Association at all relevant times, entitling the Village to defense coverage and indemnification against certain claims brought against the Village.

¶ 9    Later in 2007, the parties in the federal case filed a first round of cross-motions for summary judgment. Relevant to this appeal, the district court concluded the Village's amendment of its adult-use ordinance had not rendered Chicago Joe's and Conway's constitutional claim moot. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, No. 07 C 2680, 2008 WL 4287002, *5 (N.D. Ill. Sept. 11, 2008).

¶ 10    In April 2010, the Village received a response to its First Tender from Cannon Cochran Management Services, Inc. (CCMSI), acting as a third-party claims administrator for the Association. In correspondence dated October 12, 2009, CCMSI stated it was denying coverage ("First Denial") because the applicable policy excluded coverage for injuries "arising out of *** zoning or land use determinations," and the underlying complaint concerned the zoning and use of land for an adult business. CCMSI additionally explained that the underlying complaint did not allege any bodily injury or property damage, and therefore there was no "occurrence" as defined by the policy.

¶ 11    The Village filed a motion to reconsider the district court's summary judgment order, again arguing that changes to the Village's ordinances and Illinois law rendered Chicago Joe's claims for equitable relief moot. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, No. 07-cv-2680, 2016 WL 1270398, *1 (N.D. Ill. Mar. 31, 2016). In March 2016, the district court granted the Village's motion to reconsider, resulting in the dismissal of Chicago Joe's equitable claims. *Id.*

¶ 12    In 2017, pending an appeal, the United States Court of Appeals for the Seventh Circuit ordered the parties to participate in mediation. Following a first mediation session, the

Village notified CCMSI of a second session, in which CCMSI agreed to participate telephonically. When mediation proved unsuccessful, the Seventh Circuit ultimately upheld the district court's order. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 814-17 (7th Cir. 2018).

¶ 13 The Village filed a motion to dismiss the remaining claim for damages, which the district court denied in 2019. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 07 C 2680, 2019 WL 4201559, *1 (N.D. Ill. Sept. 5, 2019). In denying the motion to dismiss, the district court found Chicago Joe's and Conway were personally invested in the outcome of the special-use permit application by virtue of their land purchase contract and they suffered an injury-in-fact when the permit was denied. *Id.* at *5. The court further clarified that the Village's prohibition on alcohol sales for adult businesses was the reason the application was denied. *Id.* at *2, *6.

¶ 14 In December 2019, the Village sent the Association another letter seeking coverage ("Second Tender"). In its Second Tender, the Village claimed that the circumstances of the litigation had changed due to the dismissal of the equitable claims and the "reframing" of Chicago Joe's constitutional claim. The Village argued that the Association's reasons for denying coverage in 2010 no longer applied and asked the Association to defend and indemnify the Village for the duration of the case. In January 2020, CCMSI, on behalf of the Association, sent the Village a letter denying coverage ("Second Denial"). In its Second Denial, CCMSI stated it had reviewed the Second Tender and determined that "neither defense nor indemnity coverage ha[d] been triggered by the allegations of the Complaint," and it would deny coverage for the same reasons provided in its First Denial.

¶ 15 B. The Instant Case

¶ 16      In May 2020, the Village filed a complaint against the Association in the Cook County circuit court, seeking (1) a declaratory judgment that the Association had a duty to defend and indemnify the Village in the federal case, (2) penalties for violations of section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2018)), and (3) compensatory damages for breach of contract. The case was later transferred to the Sangamon County circuit court.

¶ 17      The Association filed a combined motion to dismiss the complaint under sections 2-615 and 2-619 of the Civil Code (735 ILCS 5/2-615, 2-619 (West 2018)), arguing the Village's complaint was time-barred because more than 10 years had passed since the Village learned the Association denied coverage in April 2010, and therefore the statutory 10-year limit on breach of written contract claims had expired. See *id.* § 13-206. Alternatively, the Association argued the Village failed to state a claim under section 155 of the Insurance Code because the Association is a self-insured risk pool and not an insurance company.

¶ 18      In January 2021, following a hearing, the trial court entered a written order granting the Association's motion to dismiss, concluding the Village's complaint was time-barred under section 13-206 of the Civil Code. Specifically, the court found "no amended complaint was filed with the court or provided to the [Association] to determine if any amended claims were potentially covered" and "[t]he Village's tender in December of [2019] did not present a new claim or new pleading to re-start the running of the statute of limitations."

¶ 19      This appeal followed.

¶ 20                              II. ANALYSIS

¶ 21      On appeal, the Village argues the trial court erred when it granted the Association's motion to dismiss because the Association's Second Denial triggered a new

limitations period for the Village to file a breach of contract claim, and therefore its breach of contract claim was not time-barred. The Association argues its Second Denial did not trigger a new limitations period because the Village did not present any new or amended claims compared to the Village's First Tender, and therefore the trial court properly dismissed the complaint as time-barred. We agree with the Association and affirm.

¶ 22                                    A. The Law

¶ 23        A section 2-619 motion to dismiss "admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matters appearing on the face of the complaint or established by external submissions, which defeat the action." *Nourse v. City of Chicago*, 2017 IL App (1st) 160664, ¶ 14, 75 N.E.3d 397. "In deciding a section 2-619 motion, a court accepts all well-pleaded facts and their inferences as true and construes all pleadings and supporting documents in favor of the non-moving party." *Estate of Alford v. Shelton*, 2017 IL 121199, ¶ 21, 89 N.E.3d 391. The issue on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993).

¶ 24        Here, the trial court granted the Association's motion to dismiss under section 2-619(a)(5) of the Civil Code (735 ILCS 5/2-619(a)(5) (West 2018)) on the basis that the Village's claims were barred by the 10-year statute of limitations for breach of written contract claims. See *id.* § 13-206. Section 2-619(a)(5) of the Civil Code allows for the involuntary dismissal of an action that "was not commenced within the time limited by law." *Id.* § 2-619(a)(5). Whether a cause of action has been properly dismissed under section 2-619(a)(5)

of the Civil Code presents a matter of law that we review *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99, 820 N.E.2d 455, 459 (2004).

¶ 25                                                    B. This Case

¶ 26          The crux of the Village's argument is that the Association's Second Denial triggered a new statute of limitations period, and therefore its complaint was timely. This is incorrect. When the Village provided its First Tender to the Association in 2007, it sought the Association's services to defend and indemnify the Village in the federal case according to the policy. In over a decade of litigation in federal court, Chicago Joe's underlying complaint never changed. At no point were new claims added or existing claims amended.

¶ 27          The Village goes to great lengths to suggest that the "circumstances" of the federal case had changed so fundamentally through the saga of motions practice such that the remaining claim is unrecognizable from when the parties began. We are unpersuaded.

¶ 28          The dismissal of two equitable claims and the "reframing" and "narrowing" of the remaining claim do not change the fact that the Village learned of the Association's alleged breach of contract as late as April 2010 and did not file the instant action until May 2020. We agree with the Association that the Village's Second Tender did not restart the limitations period because the Village did not present new or different claims for the Association to consider. Any "narrowing" of the existing complaint by the federal district court assumes that the relief sought and the damages claimed were already contained within the original complaint.

¶ 29          The Village's contention that the dismissal of certain claims whose allegations might have precluded coverage created a new cause of action is not supported by Illinois law. "Where a declaratory judgment action is brought to determine an insurer's duty to defend, the court must look *only* to the complaint in the underlying action to see if the allegations set forth

therein show that the insured's conduct is within or potentially within coverage." (Emphasis added.) *American Alliance Insurance Co. v. 1212 Restaurant Group, L.L.C.*, 342 Ill. App. 3d 500, 505, 794 N.E.2d 892, 897 (2003). "If the facts alleged in the underlying complaint fall within or potentially within the policy's coverage provisions, then the insurer has a duty to defend the insured in the underlying action." *Id.* "This duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, *one of which is within the coverage of a policy while the others may not be*." (Emphasis added.) *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 194, 355 N.E.2d 24, 28 (1976).

¶ 30        We therefore agree with the Association that, at the time the Village submitted its First Tender, "the potentiality of coverage either did or did not exist." It follows that any alleged breach of contract based on the Association's refusal to provide coverage as to the only remaining claim in the federal case occurred upon the Association's First Denial—*i.e.*, April 2010—at the *latest*. Absent an amended or new complaint, the dismissal of the two equitable claims and "narrowing" of the remaining claim by the district court had no bearing on the Association's duty to defend the lawsuit if *any* of the claims potentially fell within the policy's coverage.

¶ 31        Finally, the Village has forfeited any argument that CCMSI's participation in the court-ordered mediation tolled the statute of limitations by failing to raise it before the trial court. See *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶ 49, 71 N.E.3d 1 ("It has long been the law of the State of Illinois that a party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal."). Moreover, even if we were to excuse the Village's forfeiture, we would conclude it lacked merit. We reject the Village's contention—based on an estoppel theory—that CCMSI's participation in mediation

somehow misled the Village into believing it was "still considering" accepting the Village's First Tender from 2007 such that the statute of limitations should be tolled. The Village acknowledged in its complaint in this case that, by agreeing to participate telephonically in mediation, CCMSI did not make any funds available to the Village for settlement and at no time modified its coverage position or agreed to provide defense.

¶ 32      We conclude the trial court properly granted the Association's motion to dismiss because the Village's claims were barred by the 10-year statute of limitations.

¶ 33      III. CONCLUSION

¶ 34      For the reasons stated, we affirm the trial court's judgment.

¶ 35      Affirmed.